IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEVELAND GREEN, III, | § | |
| TDCJ-CID #830734, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0377 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Cleveland Green, III, a state inmate in custody of the Texas Department of Criminal Justice – Institutional Corrections Department (TDCJ), proceeding *pro se* and *in forma pauperis*, files this petition under 28 U.S. C. § 2254 challenging his disciplinary conviction. Respondent has filed a motion to dismiss. (Docket Entry No. 10.)

Green complains that on July 1, 2005 he was found guilty under disciplinary conviction case number 20050249931, and punished with a loss of thirty days good time credit, thirty days cell and commissary restrictions, and a line status reduction. Green challenges the disciplinary conviction as a denial of due process.

Green's petition shows that he was convicted of aggravated assault with a deadly weapon in 1998 and sentenced to twenty-five years incarceration in TDCJ. (Docket Entry No. 1, pp. 2, 5.) Under state law in effect at the time of his conviction, Green is not eligible for mandatory supervised release. *See* § 22.02, TEXAS PENAL CODE (West 1996); art. 42.18 § 8(c)(5), TEX. CODE CRIM. PROC. (providing that an inmate may not be released to mandatory supervision if serving a sentence for aggravated assault).

Petitioner's cell and commissary restrictions and reduction in line status clearly do not involve liberty interests protected by the due process clause of the Constitution. *See Sandin v. O'Conner*, 515 U.S. 472, 483-84 (1995); *Malachi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). With respect to his loss of good time credit, petitioner fails to implicate any due process deprivation because he is not eligible for mandatory supervised release. *See Madison*, 104 F.3d at 768-69. Accordingly, petitioner did not suffer any due process deprivation to support habeas relief. *See Sandin*, 515 U.S. at 483-84.

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 17the day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE